IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHUONG VAN TRAN, as Administrator of the Estate of Tinh Blake Tran, deceased, | ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) CASE NO.: 2:05-cv-186-MEF ) |
| JENNIFER NGUYEN and FARM BUREAU INSURANCE OF N.C., INC., | ) (WO - Not Recommended for Publication) ) ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on two motions: Plaintiff's Motion for Partial Summary Judgment Against Defendant Farm Bureau Insurance of N.C., Inc. (Doc. # 26) and Defendant Farm Bureau Insurance of N.C., Inc.'s Motion for Summary Judgment (Doc. # 28). Both motions have been fully briefed and are ready for disposition.

**JURISDICTION AND VENUE**

Subject matter jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §§ 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both personal jurisdiction and venue.

**SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is

2

entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## FACTS AND PROCEDURAL HISTORY

The court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion.  The submissions of the parties, viewed in the light most favorable to Plaintiff, the non-moving party, establish the following relevant facts:

On or about June 2, 2004, Defendant Jennifer Nguyen ("Nguyen") was operating a motor vehicle owned by Tinh Blake Tran on Interstate 65 North in Baldwin County, Alabama.  Tinh Blake Tran and four of Nguyen's minor children were passengers in the motor vehicle.  Plaintiff alleges that as a result of Nguyen's inattention to her driving the vehicle crossed the median of the interstate at a high rate of speed and ran head-on into a tractor trailer going the opposite direction.  As a result of injuries sustained during the collision, Tinh Blake Tran and two of the children in the vehicle died.  It is undisputed that at the time of the collision Nguyen was covered by an insurance policy issued by State Farm Insurance, which provided liability coverage limits of $25,000 per person and $50,000 per accident.

At the time of the accident, Tihn Blake Tran was married to Chuong Van Tran, and they resided in Montgomery, Alabama.  After his wife's death, Chuong Van Tran became the duly appointed personal representative and administrator for the Estate of Tinh Blake Tran.  In that capacity, he brings this suit and is referred to herein as "Plaintiff."

At the time of the accident, Tinh Blake Tran and her automobile were covered by an

insurance policy issued by Farm Bureau Insurance of North Carolina, Inc. ("Farm Bureau"). The policy covered two vehicles owned by Plaintiff and his wife. It provided liability coverage of up to $50,000 for each person and up to $100,000 for each accident. It also provided for uninsured motorist's coverage of up to $20,000 for each person and up to $40,000 for each accident.

On or about June 2, 2004, Plaintiff notified Farm Bureau of the auto accident and filed a notice of claim seeking coverage under the Farm Bureau policy. Specifically, Plaintiff sought the benefits available under both the liability coverage and the uninsured motorist coverage, which also covers underinsured motorists.[1] On January 3, 2005, Farm Bureau paid Plaintiff $50,000 under the liability coverage of the Farm Bureau policy issued to Plaintiff and his wife.[2] Farm Bureau denied Plaintiff's claims for benefits under the uninsured motorist provision of the Farm Bureau policy and notified Plaintiff that the policy does not provide both liability and uninsured motorist benefits under the facts of this case. Farm Bureau takes the position that uninsured motorist coverage is barred in this case because of the following language in the policy:

PART A - LIABILITY COVERAGE

---

[1] The parties agree for purposes of this motion that the definition of uninsured motorist includes an undersinsured motorist in both the Alabama uninsured motorist statute and the Farm Bureau policy. *See Ala. Code* § 32-7-23(b)(4); *Lowe v. Nationwide Ins. Co.,* 521 So. 2d 1309 (Ala. 1988).

[2] It is undisputed that the policy provides that Farm Bureau will pay damages for bodily injury and property damage for which any insured, which is defined to include any person using a covered auto, becomes legally responsible because of an auto accident.

LIMIT OF LIABILITY...

A. The limit of liability shown in the Declaration for each person for Bodily Injury. Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident. This is the most we will pay regardless of the number of:
    1. "Insureds";
    2. Claims made;
    3. Vehicles involved in the auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
    1. Part B [Medical Payments Coverage] or Part C [Uninsured Motorist Coverage] of this policy; or
    2. Any Underinsured Motorist Coverage provided by this policy.

[...]

UNINSURED MOTORISTS COVERAGE - ALABAMA
INSURING AGREEMENT

A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
    1. Sustained by an "insured"; and
    2. Caused by an accident.

[...]

However, "uninsured motor vehicle" does not include any vehicle or equipment:
    1. Owned by or furnished or available for the regular use of you or any "family member" unless there is no liability coverage available under any policy other than this policy to respond for damages sustained by you or any "family

5

> member."
> [...]
> LIMIT OF LIABILITY
> [...]
> C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A [Liability Coverage] or Part B [Medical Payments Coverage] of this policy.

On January 13, 2005, Plaintiff filed suit, as Administrator of his deceased wife's estate, in the Circuit Court of Montgomery County, Alabama. Plaintiff names Nguyen and Farm Bureau as defendants to the action. Count I of the Complaint seeks damages from Nguyen for the wrongful death of Plaintiff's wife. Count II of the Complaint seeks damages from Farm Bureau for breach of contract arising out of the failure to pay benefits under the uninsured motorist coverage in the insurance policy. Count III of the Complaint seeks damages for bad faith. On February 25, 2005, Farm Bureau removed the case to this court. On August 8, 2005, Plaintiff filed Plaintiff's First Amended Complaint which contained the same three substantive counts.

On September 30, 2005, Plaintiff filed Plaintiff's Motion for Partial Summary Judgment Against Defendant Farm Bureau Insurance of N.C., Inc. (Doc. # 26). This motion seeks summary judgment on the claims against Farm Bureau in Count II of the Plaintiff's First Amended Complaint. Farm Bureau opposes this motion. The motion has been fully briefed. Also pending before this court is Defendant Farm Bureau Insurance of N.C., Inc.'s Motion for Summary Judgment (Doc. # 28), which is also opposed and fully briefed. By this motion, Farm Bureau seeks summary judgment on the only claims against it - Counts Two

and Three. There are no pending motions relating to the claims against Nguyen in Count One.

## DISCUSSION

The facts of this case are not in dispute. The real issue before this court is which party is entitled to judgment as a matter of law.

### A.  Farm Bureau's Motion for Summary Judgment

Farm Bureau begins with a reasonable logical argument that Plaintiff cannot recover under both the liability coverage and the underinsured motorist coverage given the facts of this case. Despite the appeal of the logic of this proposition, it does not entitle Farm Bureau to judgment as a matter of law on the facts before this court.

Plaintiff's claims against Farm Bureau for breach of contract and bad faith both require that Plaintiff establish that Farm Bureau breached its contract with Plaintiff. In this case, the sole contract between Plaintiff and Farm Bureau is the insurance policy issued on the vehicles owned by Plaintiff and his wife. Farm Bureau contends that it did not breach its agreement with Plaintiff because it paid the benefits under the liability coverage in the policy and because there is exclusionary language in the policy which provides that it does not have to pay under the uninsured motorists coverage in the policy if it pays under the liability coverage. In support of this argument, Farm Bureau relies on the following exclusionary language which appears in the liability coverage section and in the uninsured motorists coverage endorsement of the policy:

>LIMIT OF LIABILITY
>[...]
>B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
>>1. Part B [Medical Payments Coverage] or Part C [Uninsured Motorist Coverage] of this policy; or
>>2. Any Underinsured Motorist Coverage provided by this policy.
>
>LIMIT OF LIABILITY
>[...]
>C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A [Liability Coverage] or Part B [Medical Payments Coverage] of this policy.

Plaintiff argues that Farm Bureau has failed to establish that payment under the liability coverage and the uninsured motorist coverage would constitute "duplicate payments for the same elements of loss" and that the language "duplicate payments for the same elements of loss" is ambiguous and unenforceable. The court agrees. Moreover, the court finds that the cases on which Farm Bureau relies are distinguishable from this case.[3] Accordingly, the court cannot find that the law requires a finding that the particular language of this exclusion excused Farm Bureau from paying Plaintiff's claim for uninsured/underinsured motorist coverage on the basis of the exclusionary language cited. Mindful of the guidelines provided

---

[3] While the court agrees with Farm Bureau's contention that these cases establish that when proper exclusionary language is present in an insurance policy, it does not violate public policy to prevent the recovery of benefits under both the liability coverage and the uninsured/underinsured motorist coverage. The court cannot find that these cases establish that the language in this policy constitutes proper exclusionary language. Indeed, in some respects the cases cited by Farm Bureau underscore the point that Farm Bureau could have included clear exclusionary language had it so desired.

by Alabama law for construing insurance policies and exclusionary language in insurance policies,[4] the court cannot find that Farm Bureau is entitled to judgment as a matter of law. For this reason, the Defendant Farm Bureau Insurance of N.C., Inc.'s Motion for Summary Judgment (Doc. # 28) is due to be DENIED.

### B.  Plaintiff's Motion for Partial Summary Judgment Against Farm Bureau

Plaintiff seeks summary judgment on his breach of contract claim against Farm Bureau. The court suspects that had the motion been properly supported by additional factual submissions and appropriate legal citations, it might have been due to be granted. Nevertheless, on the basis of the factual record and legal argument before it, the court finds that it is due to be DENIED.

### CONCLUSION

1.  Defendant Farm Bureau Insurance of N.C., Inc.'s Motion for Summary Judgment (Doc. # 28) is DENIED.

---

[4] The relevant case law was neatly summarized in *Sullivan v. State Farm Mut. Auto. Ins. Co.,* 513 So. 2d 992, 994 (Ala. 1987) (internal citations omitted):

> It is well settled in Alabama that when a court is interpreting the language in an insurance contract, rules of construction mandate that words are to be given their customary and normal meaning. This Court has also stated that provisions of insurance policies must be construed in light of the interpretation that ordinary persons would place on the language used. Any ambiguities in an insurance policy are to be resolved in favor of coverage. Further, this Court has ruled that exceptions to coverage must be interpreted as narrowly as possible to provide the maximum coverage available.

2. Plaintiff's Motion for Partial Summary Judgment Against Defendant Farm Bureau Insurance of N.C., Inc. (Doc. # 26) is DENIED.

DONE this the 20th day of June, 2006.

                                                           /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE